```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 2 2 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HEMPHILL GARCIA,

        Petitioner,

        -v-

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------X

12 Civ. 8782 (KBF)
10 Cr. 367-3 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

    Hemphill Garcia, presently incarcerated in FCI Ray Brook, brings this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (12 Civ. 8782, ECF No. 1.) He was sentenced on October 9, 2012 by United States District Judge Thomas P. Griesa to 144 months' imprisonment, four years' supervised release, and a $200 special assessment. (10 Cr. 367, ECF No. 120.)

    Garcia filed this petition on December 3, 2012, and the petition became fully briefed on February 25, 2013. The petition was transferred to the undersigned on June 6, 2013.

    For the reasons set forth below, Garcia's petition is DENIED.[1]

---

[1] No evidentiary hearing is necessary in this action. The combined submissions of the parties provide sufficient basis to deny the petition. See Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001).

I.  BACKGROUND

On September 29, 2010, Garcia was charged in a two-count superseding indictment with one count of conspiracy to distribute 50 grams and more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and one count of discharging a firearm in furtherance of that conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Superseding Indictment ¶¶ 3, 5, 10 Cr. 367, ECF No. 32.) These charges stemmed from Garcia's alleged role in a narcotics conspiracy from April 2009 to April 2010. (Id. ¶ 4.)

Garcia pled guilty to the lesser included offenses of conspiracy to distribute 28 grams and more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and brandishing a firearm in furtherance of that conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii), pursuant to a plea agreement with the government dated September 22, 2011 (the "Plea Agreement"). (Opp. Ex. B, 10 Cr. 367, ECF No. 131.) The Plea Agreement was addressed to Lloyd Epstein, Garcia's attorney. According to the Plea Agreement, Garcia agreed to plead guilty to these two lesser included offenses in exchange for the government's agreement to dismiss the more serious counts charged in the superseding indictment and not to prosecute him further for this conduct. (Id. Ex B. at 1-2.)

The Plea Agreement provided for a "Stipulated Guidelines Range" of 141 to 155 months' imprisonment, with a statutory minimum sentence of 144 months' imprisonment—60 months for the narcotics conspiracy and 84 months for the firearms offense, to run consecutively. (Id. Ex. B at 3.) The Plea Agreement states

that, "[t]he defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea . . . ." (Id. Ex. B at 5.) The Plea Agreement also states that, "[n]o additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties." (Id. Ex. B at 5-6.)

The Plea Agreement contains the following waiver:

> It is agreed that (1) the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 141 to 155 months' imprisonment, and (2) the Government will not appeal any sentence within or above the Stipulated Guidelines Range.

(Id. Ex. B at 4-5.)

At his plea hearing on September 26, 2011, Garcia was also represented by Epstein. (Id. at 3:2-4.) Garcia specifically acknowledged, among other things:

- That he was satisfied with Epstein's representation and advice (id. at 3:5-7);
- That he had not been subjected to any threats or force in order to make him plead guilty (id. at 3:8-10);
- That he signed the Plea Agreement (id. 3:14-16);

- That, before signing the Plea Agreement, he reviewed it with counsel and understood the essential terms (id. at 3:19-24);

- That he understood the charges against him, which Judge Griesa reviewed in open court (id. at 3:25-5:20);

- That he understood the statutory minimum and maximum sentences for each count to which he was pleading guilty, including the fact that his sentence under the firearms count would run consecutively to his sentence for the narcotics conspiracy count (id. at 5:21-7:19);

- That no promises had been made to him about the exact sentence that he would receive (id. at 8:4-6);

- That he has a right not to plead guilty and to go to trial, at which he would have certain constitutional rights—the right to have a jury find him guilty beyond a reasonable doubt, the right to an attorney at all times during trial and on appeal, the right to cross-examine and subpoena witnesses, and the right against self-incrimination (id. at 8:7-9:14);

- That he was waiving his right to appeal or otherwise attack his sentence if it is within or below the Stipulated Guidelines Range in the Plea Agreement (id. at 9:18-25);

- That he is a United States citizen (id. at 11:17-12:4); and

- That no promises were made to him outside of was in the Plea Agreement (id. at 12:5-7).

Garcia then reaffirmed that he still wished to plead guilty, and testified that he conspired to distribute crack cocaine and to use firearms with others during the time period April 2009 to April 2010. (Id. at 10:1-11:8.) Judge Griesa then accepted Garcia's plea as "factually based and voluntary." (Id. at 11:9-10.)

On March 23, 2012, after Garcia informed Epstein that he wished to withdraw his guilty plea, Judge Griesa appointed new counsel for Garcia. (3/23/12 Hearing Tr. at 2:9-15, 10 Cr. 367, ECF No. 111.) On May 14, 2012, Garcia appeared before Judge Griesa with his new counsel, Amy Walsh and Juliette Fink, and informed the Court that he was no longer seeking to withdraw his guilty plea. (5/14/12 Hearing Tr. at 2:5-3:5, 10 Cr. 367, ECF No. 112.)

On October 4, 2012, Garcia was sentenced to the mandatory minimum sentence of 144 months' imprisonment, as well as four years' supervised release and a $200 special assessment. Garcia was again represented by Walsh and Fink at his sentencing. During the hearing, Garcia stated on the record:

> I would also like to apologize to the Court, to the United States for doing what I did. And just so, your Honor, I did make mistakes and I regret it and I lost a lot by doing this and it was worth it—and it wasn't worth it. And I'm really sorry for everything that I've done and I would just hope to keep on about with my life and once I am done with this move forward and be a better person for the community and that's all.

(Sentencing Tr. at 3:21-4:3, 10 Cr. 367, ECF No. 122.)

II.  DISCUSSION

Garcia petitions this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because he alleges he received ineffective assistance of counsel. In substance, Garcia alleges that Epstein told him his guilty plea would result in a mandatory minimum sentence of only five years' imprisonment, and also that Epstein failed to advise him of the immigration consequences of his guilty plea. (Petition at 8-9; Brief at 2, 10 Cr. 367, ECF No. 141.) Garcia next alleges that Judge Griesa failed to question him about whether he understood his right against self-incrimination and to confront the witnesses against him at trial during his plea. (Petition at 9.) Finally, Garcia alleges that Walsh and Fink failed to file a notice of appeal on his behalf after he was sentenced. (Id. at 4-6; Brief at 4-5, 12 Civ. 8782, ECF No. 5.) Each of these arguments is without merit, and Garcia is entitled to no relief under § 2255.

A petition under § 2255 on the basis of ineffective assistance of counsel will be granted only if a petitioner is able to show that (1) his or her counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he or she was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687-96 (1984).

As to the first prong of the Strickland test, attorney conduct is subject to an objective standard of reasonable effective assistance, and is accorded deference in light of the "range of legitimate decisions" that accompanies the various circumstances encountered by counsel. Id. at 688-89. As to the second prong, in the

context of a guilty plea, a petitioner must show that, had counsel rendered adequate professional assistance, he or she would not have pleaded guilty and would, instead, have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). This required showing is further complicated in cases (like this one) where a petitioner makes statements in open court that reflect his knowing and voluntary waiver of his constitutional rights and affirm his desire to proceed with his guilty plea. Courts afford "a strong presumption of verity" to such statements. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Simply put, each of Garcia's allegations of ineffective assistance are flatly contradicted by the record. The Plea Agreement, which Garcia signed and which he affirmed he understood on the record, clearly provides for a Stipulated Guidelines Range of 141 to 155 months' imprisonment with a statutory minimum of 144 months' imprisonment for the two counts to which he pled. (Opp. Ex. B at 3.) Judge Griesa also confirmed Garcia's understanding of this statutory minimum at his plea, and that no other promises outside of the Plea Agreement had been made to Garcia. (Plea Tr. at 5:21-7:19; 12:5-7; Opp. Ex. B at 5-6.)

Garcia's allegation that Epstein's performance was ineffective because he failed to explain the immigration consequences of his guilty plea is similarly insufficient. Though it is unclear from the record Garcia's actual immigration status, what is clear is that Garcia affirmed he was a United States citizen on the record during his plea in response to a direct question from Judge Griesa. (Plea Tr. at 11:17-12:4.) It is also clear that, based on the emails Garcia attaches to his

7

original petition, Garcia's attorneys both believed this representation and, following his sentencing, offered to assist further if he provided them with proof of his citizenship. Even if the Court accepts as true Garcia's after-the-fact assertion that he was not advised of the immigration consequences of his guilty plea, such a failure does not constitute deficient performance in light of the fact that Garcia appears to have told both Judge Griesa and his attorneys that he was a citizen.

Garcia's allegation that Judge Griesa failed to confirm his understanding of his constitutional rights at his plea is also incorrect; Garcia affirmed his understanding on the record that, were he to go to trial instead of pleading guilty, he would have a right against self-incrimination and to cross-examine the government's witnesses. (Plea Tr. at 8:7-9:14.) Garcia affirmed that no threats were made to him in order to induce him to plead guilty. (Id. at 3:8-10.) Garcia even affirmed on the record that he was satisfied with Epstein's representation and advice. (Id. at 3:5-7.)

Even assuming Garcia were able to show that his attorneys' conduct was somehow deficient, he fails to show that he suffered prejudice as required under Strickland. To the contrary, as described above, the Plea Agreement (negotiated by Epstein) allowed Garcia to plead guilty to the lesser included offenses for the crimes charged in the indictment and to thereby avoid a mandatory minimum sentence of 20 years' imprisonment. The Plea Agreement thus permitted Garcia to avoid, at a minimum, an additional eight years' imprisonment in excess of the twelve years' imprisonment he ultimately received from Judge Griesa. Such a benefit is far from

prejudice, especially in light of the fact that Garcia allocuted to his crimes at his plea and apologized for his actions at his sentencing. (Id. at 10:1-11:8; Sentencing Tr. 3:21-4:3.) These statements, rather than his after-the-fact assertions, are entitled to substantial weight. See Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013) ("[T]he court must also take into account admissions made by the defendant at his plea hearing, for '[s]olemn declarations in open court carry a strong presumption of verity.'") (citing Blackledge, 431 U.S. at 74).

With respect to Garcia's argument that Walsh and Fink failed to file a notice of appeal, Garcia cannot show that he suffered prejudice because of the appellate waiver in the Plea Agreement that barred any such appeal. A defendant's waiver of the right to challenge his or her sentence through appeal or collateral attack (including a petition under 28 U.S.C. § 2255) is presumptively enforceable. See, e.g., United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). A petitioner may rebut the presumption of enforceability by showing that "the waiver was not made knowingly, voluntarily, and competently," that the sentence was "imposed based on constitutionally impermissible factors," that "the government breached the plea agreement," or that "the sentencing court failed to enunciate any rationale for the defendant's sentence." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000).

Here, Garcia's statements at his plea, in combination with the Plea Agreement itself, provide ample basis for the Court to find that his waiver of the right to challenge his sentence of 144 months' imprisonment—which is "within or

below" his Stipulated Guidelines Range of 141 to 155 months' imprisonment—under 28 U.S.C. § 2255 was knowing and voluntary. See, e.g., Bradley v. United States, No. 03 Civ. 9063, 2005 WL 2033382, at *3 (S.D.N.Y. Aug. 24, 2005) (citing United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001)). Garcia points to no evidence suggesting that the Court failed to enunciate any rationale for his sentence, that the government breached the Plea Agreement, or that the sentence was imposed on the basis of constitutionally impermissible factors. In fact, at his plea, Garcia specifically affirmed his understanding of the appellate waiver in the Plea Agreement. (Plea Tr. at 9:18-25.) Garcia is thus unable to show that he was prejudiced by the alleged failure of Walsh and Fink to file a notice of appeal on his behalf following his sentencing.

III. CONCLUSION

For the reasons set forth above, Garcia's petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012). The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith. See Feliz v. United States, No. 01 Civ. 5544 (JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of the Court is directed to terminate the action 12 Civ. 8782.

SO ORDERED.

Dated:   New York, New York
        November 22, 2013

                                    /s/ K. B. Forrest
                                    KATHERINE B. FORREST
                                    United States District Judge

Copy to:

Hemphill Garcia
63396-054
FCI Ray Brook
P.O. Box 9008
Ray Brook, NY 12977

11